ANDREW SHEPARD v. JAMES BRANDENBURG ET AL.

Contract for Purchse of Land—Vendor and Purchaser.

Unless a purchaser elects to accept or rescind a contract of purchase of land, within a reasonble time after demand made in amended pleadings to a suit for foreclosure of lien, he cannot be heard to complain of an enforcement of specific performance.

Same.

A vendee may have a rescission if there be a natural defect in title, and at his own election, have an execution of the contract so far as the title is good and an abatement of price, or recovery of damages so far as the title is defective.

APPEAL FROM MADISON CIRCUIT COURT. ·

April 19, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

This was a suit by Brandenburg and his assignees to enforce the last installment of $600 on the sale of a tract of land in Estill county on the 27th July, 1858, on three equal payments of $600 each, the last due November 25, 1860. This suit was commenced April 25, 1861, but lingered from various causes until June 24, 1868, when the Madison circuit court, to which it had been changed on appellant's motion, rendered a judgment for the debt, and subjected the land thereto, from which Shepard has appealed.

In his original answer he sets up for defense two certain mortgages executed by Brandenburg on the land which still existed, also a defect in the title to some 40 acres of the land at one end which he avers was the most valuable portion; he demands that the incumbrances be cleared off and the title be perfected, or an abatement be allowed, and, if neither of these, then a rescission.

Brandenburg responded, denying one of the mortgages, and asserting that the other was paid off and fully realized, and denied the defectiveness of title to the forty acres, but asserted

that he and those under whom he claimed had been more than twenty years adverse possession by a connected paper title from the original patentees, and made an exhibit thereof.

By amended pleadings Shepard then set up a defect of title of a portion of the land on another boundary, to which Brandenburg responded that this was as to a few acres of very inferior land, and which had been given him by the owners, and was not included in the title bond he had executed on the sale, but by mistake had been included in the deed which he had tendered Shepherd, but which he had not accepted, and asked to reform it, but afterwards presented the release of the title holders to this small fraction.

In the year 1865 the plaintiffs by amended pleadings demanded that Shepard should elect either to take the land and title and pay for it or rescind the contract upon equitable principles, which Shepherd did not do, but continued to prosecute his defense and procrastinate the litigation until a trial was about to be forced on him, when in the year 1868, some three years or more after this offer and demand was made by plaintiffs, he elected to rescind, but which the court very properly rejected.

He was not compelled at any time to receive the title or rescind the contract by order of court and the law imposed no such burden on him. A vendee may have a rescission if there be a natural defect in the title, he may also at his own election have an execution of the contract so far as the title is good and an abatement of price or recovery of damages so far as there be a defect of title, and the pleadings show he had made this latter election; the offer, therefore, to change this election made by the plaintiffs must have been accepted within reasonable time, which was not done.

The exhibits show a connected paper title from the original patentees down to Brandenburg, and the parol evidence shows an actual, adverse holding by him and those under whom he claims for more than twenty years before the sale to appellant, and as he has now had an adverse possession of over ten years without suit or the legal assertion of title by any adverse claimant, we cannot see how he can be in danger of disturbance or loss from any other claimant, even if it appeared from the evidence there were others asserting title thereto, which it does not.

The fact that Shepherd has not taken a single deposition to sustain any of the issues between him and Brandenburgh strongly

indicates that this defense has most wonderfully performed all it was originally designed to accomplish, that is, delay, as it has now been near eight years since the suit to coerce from him this last payment was begun, and seven years before judgment was rendered.

Concurring, as we do, with the circuit court, the judgment is *affirmed* without damages, no supersedeas appearing.

*Turner, for appellant.*

*Huston, for apepllees.*